**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SALLY GEORGE; et al., | No. 15-56684 |
| Plaintiffs-Appellants, | D.C. No. 8:14-cv-01382-PSG-JPR |
| v. | |
| UNITED STATES OF AMERICA; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued June 8, 2017; Resubmitted July 25, 2017
Pasadena, California

Before: GRABER and MURGUIA, Circuit Judges, and BOLTON,** District
Judge.

Plaintiff Sally George, an Indian national and a nurse, on behalf of herself

and her immediate family, challenges the 2014 revocation of the 2002 approval of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

her Form I-140 Petition for Alien Worker.  We have jurisdiction over this timely appeal, Herrera v. U.S. Citizenship & Immigration Servs., 571 F.3d 881, 885 (9th Cir. 2009), and we affirm the summary judgment in favor of the government.

1.  Plaintiff's employer filed her Form I-140 petition on May 9, 2002.  This served as her "priority date."  8 C.F.R. § 204.5(d).  As relevant here, the petition had to be accompanied by an "application for Schedule A designation," id. § 204.5(a)(2), which in turn required (among other things) either an unrestricted license to practice nursing where Plaintiff was employed or proof that Plaintiff had passed a particular nursing examination, 20 C.F.R. § 656.5(a)(2).  Plaintiff did not receive the necessary license until 2003 and did not submit any evidence that she had passed the examination before May 9, 2002.  Nevertheless, USCIS approved the petition on December 6, 2002.

Whatever our standard of review, the government did not err by revoking the 2002 approval.  The approval was given in error because a petitioner must establish eligibility for the I-140 at the time of filing.  8 C.F.R. § 103.2(b)(1).  Plaintiff did not demonstrate eligibility as of May 9, 2002.  Approval of a petition may be revoked "at any time" for what the Secretary of Homeland Security "deems to be good and sufficient cause."  8 U.S.C. § 1155.  Failure to demonstrate eligibility as of the filing date is such a cause.  Herrera, 571 F.3d at 886.

2

2. Equitable estoppel does not apply. "The doctrine of equitable estoppel applies against the government only if it engages in affirmative misconduct going beyond mere negligence." Sulit v. Schiltgen, 213 F.3d 449, 454 (9th Cir. 2000). Neither negligence nor a failure to inform an alien of her legal rights constitutes affirmative misconduct. Id.; accord Socop-Gonzalez v. INS, 272 F.3d 1176, 1184 (9th Cir. 2001) (en banc).[1] The record contains no affirmative statement from the government confirming the validity of Plaintiff's I-140 after its negligent approval, nor any affirmative statement from the government assuring Plaintiff that she need not petition anew after acquiring the required credentials.

**AFFIRMED.**

---

[1] Watkins v. United States Army, 875 F.2d 699, 701–02 (9th Cir. 1989) (en banc), on which Plaintiff relies, is distinguishable. For example, there, Watkins made clear that he was not qualified to reenlist, but the Army reenlisted him anyway; here, Plaintiff claimed that she was qualified.